IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DeMARIA WOODS | § | |
| v. | § | CIVIL ACTION NO. 6:15cv52 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner DeMaria Woods, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Woods was convicted of the disciplinary offenses of failing to obey an order and exposure of his genitals. As punishment, he received 45 days of recreation, commissary, and property restrictions, 45 days of contact visit suspension, 30 days of cell restriction, placement in solitary confinement from March 19 until April 8, 2014, when he was transferred off of the Buster Cole Unit, and the loss of 30 days of good time credits. Woods acknowledged that he is not eligible for release on mandatory supervision.

After review of the pleadings, the magistrate judge issued a report recommending that the application for habeas corpus relief be denied. The magistrate judge, citing *Sandin v. Conner*, 115 S.Ct. 2293, 2300-01 (1995), concluded that Woods failed to show that the punishments imposed

upon him implicated any constitutionally protected liberty interests, giving him no basis for habeas corpus relief.

In his objections to the report, Woods concedes that parole is a privilege, but asserts that this privilege is "promoting false advertising" by creating a "false illusion" that good time can have an impact on his sentence when he is eligible for possible early release. He asks why he is credited for good time if good time only applies to mandatory supervision inmates, which he is not. Woods contends that he has a liberty interest because his parole date is "just around the corner" and argues that the TDCJ time sheets "make it seem like there's a possibility of seeing parole a whole lot sooner than petitioner's initial calculated date of release." He insists that "a liberty interest has been created to this extent."

Woods also states that he is not seeking restoration of his good time for purposes of parole, but so that he will be able to come up for promotion in his line class. He asserts that because inmates can be demoted two classification levels through a disciplinary infraction, equal protection requires that they be promoted the same way. Woods maintains that he was denied due process when the disciplinary hearing officer refused to review the video tape and that he is being treated differently from inmates with non-aggravated sentences.

As the magistrate judge correctly determined, parole is a privilege and not a right under Texas law. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Thus, Woods does not have a liberty interest in release on parole. While Woods maintains that time sheets show he has a possibility of obtaining parole, he has nothing more than a "mere hope," which is not protected by due process. *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.3d 74, 75 (5th Cir. 1993). The fact that TDCJ credits him with good time and keeps track of this time does not provide him with a liberty interest where none exists under Texas law.

Even if good time could assist Woods in obtaining a promotion in custodial status, this does not show the existence of a liberty interest because Woods does not have such an interest in his custodial classification. *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008). The fact that

2

TDCJ disciplinary rules allow for a demotion of two levels in custodial classification does not give inmates a protected right in being promoted the same way. Woods' claim of an equal protection violation in that he is being treated differently from inmates with non-aggravated sentences lacks merit because inmates with aggravated sentences are not similarly situated to those with non-aggravated sentences. *McCoy v. Lynaugh*, 41 F.3d 662, 1994 WL 684641 (5th Cir., November 16, 1994) (disparate parole treatment based on the offense of conviction does not violate equal protection), *citing Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988); *McCoy v. McLeod*, 3 F.3d 349, 1993 WL 347244 (5th Cir., August 20, 1993) (no equal protection violation in the fact that prisoners with aggravated sentences could not earn good time because the disparate treatment was based on the offense of conviction). Woods' due process claim fails because he has not shown that a protected liberty interest was implicated. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). His objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 6) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner DeMaria Woods is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**It is SO ORDERED.**

**SIGNED this 4th day of March, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE